This opinion will be unpublished and
 may not be cited except as provided by
 Minn. Stat. § 480A.08, subd. 3 (2014).

 STATE OF MINNESOTA
 IN COURT OF APPEALS
 A16-0373

 State of Minnesota,
 Respondent,

 vs.

 Joshua Jerome O’Brien,
 Appellant.

 Filed December 27, 2016
 Affirmed
 Reilly, Judge

 Hennepin County District Court
 File No. 27-CR-14-15523

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Cheri A. Townsend, Assistant County
Attorney, Minneapolis, Minnesota (for respondent)

Daniel P. Repka, Repka Law, LLC, St. Paul, Minnesota (for appellant)

 Considered and decided by Connolly, Presiding Judge; Bjorkman, Judge; and

Reilly, Judge.

 UNPUBLISHED OPINION

REILLY, Judge

 Appellant challenges his conviction of fifth-degree possession of a controlled

substance, arguing that the district court erred by denying his motion to suppress evidence
discovered during a search of his home. Because we determine that the plain-view

exception to the search warrant requirement applies, we affirm.

 FACTS

 The state charged appellant Joshua Jerome O’Brien with fifth-degree possession of

a controlled substance following a search of his home. Appellant moved to suppress

evidence of a firearm discovered during the search, arguing that the seizure violated the

particularity requirement of the Fourth Amendment to the United States and Minnesota

Constitutions and did not fall within the plain-view exception to the warrant requirement.1

At the suppression hearing, a Richfield police officer testified to the following events.

 A confidential reliable informant reported to the police that appellant sold controlled

substances out of his home and that he possessed a firearm. Acting on this information,

the officers conducted a “trash pull” at appellant’s home and discovered evidence of

narcotics, including “tear-off” baggies used for packaging narcotics and Q-tips that field-

tested positive for methamphetamine. The following day, the officers applied for, and

received, a search warrant to enter appellant’s home to search for controlled substances,

items showing constructive possession of controlled substances, profits from the sale of

1
 The discovery of the firearm with the methamphetamine triggered a mandatory 36-month
minimum commitment to the commissioner of corrections pursuant to the sentencing
enhancement provision of Minnesota Statutes section 609.11, subdivisions 5, 9 (2014)
(“[A]ny defendant convicted of an offense [, including controlled substance crimes,] in
which the defendant . . . at the time of the offense, had in possession or used, whether by
brandishing, displaying, threatening with, or otherwise employing, a firearm, shall be
committed to the commissioner of corrections for not less than three years, nor more than
the maximum sentence provided by law.”).

 2
controlled substances, and data storage devices. The officer requested an unannounced

nighttime entry, reasoning that “[b]ecause of [appellant] being in the possession of a pistol

the cover of darkness will allow officers a tactical advantage which will increase officer

safety.” Despite his suspicion that appellant possessed a firearm in the home, the officer

did not include firearms in the search warrant application list of items believed to be in the

home.

 Officers executed a search warrant at appellant’s home and discovered

methamphetamine, suspected steroids, and a prescription pill. During the course of the

search, an officer lifted a cushion from a couch and discovered a loaded semi-automatic

firearm. The defense cross-examined the officer about the discovery:

 Q: . . . [W]hy were you looking under the couch cushion?

 A: One, I believe there was a person immediately that got up
 from the couch in the execution of the search warrant, so we
 often look in areas where any contraband could have been
 hidden by persons, and also it’s an area that narcotics could
 also fit, which we were looking for in the search warrant.

 Q: Okay. And in prior search warrants . . . have you recovered
 contraband from couch cushions before?

 A: Yes.

 Q: And in prior search warrants . . . have you recovered
 firearms along with narcotics?

 A: Yes.

 The district court subsequently denied appellant’s suppression motion on the ground

that the plain-view exception applied. Appellant waived his right to a jury trial and agreed

 3
to a stipulated-facts trial pursuant to Minn. R. Crim. P. 26.01, subd. 4. The district court

found appellant guilty, and this appeal follows.

 DECISION

 When reviewing a pretrial ruling on a motion to suppress evidence, an appellate

court “review[s] the facts to determine whether, as a matter of law, the [district] court erred

when it failed to suppress the evidence.” State v. Flowers, 734 N.W.2d 239, 247

(Minn. 2007). The district court’s factual findings are reviewed for clear error and legal

determinations are reviewed de novo. State v. Diede, 795 N.W.2d 836, 849 (Minn. 2011).

A district court’s ultimate ruling on a constitutional question involving a search or seizure

is reviewed de novo. State v. Anderson, 733 N.W.2d 128, 136 (Minn. 2007).

 The United States and Minnesota Constitutions guarantee an individual’s right to be

secure against unreasonable searches and seizures. U.S. Const. amend. IV; Minn. Const.

art. I, § 10. Warrantless searches are presumed unreasonable unless they fall within an

exception to the warrant requirement. Katz v. United States, 389 U.S. 347, 357, 88 S. Ct.

507, 514 (1967); State v. Johnson, 813 N.W.2d 1, 14 (Minn. 2012). “Generally, evidence

seized in violation of the constitution must be suppressed.” State v. Jackson, 742 N.W.2d

163, 177-78 (Minn. 2007).

 The issue presented in this case is whether the district court erred by determining

that evidence of the firearm was admissible under the plain-view exception to the search

warrant requirement. The plain-view exception permits a police officer to seize an object

believed to be the fruit or instrumentality of a crime without a warrant if “(1) the police are

legitimately in the position from which they view the object; (2) they have a lawful right

 4
of access to the object; and (3) the object’s incriminating nature is immediately apparent.”

State v. Milton, 821 N.W.2d 789, 799 (Minn. 2012). The district court determined that the

plain-view exception applied because the police officers satisfied each of the three Milton

prongs. Appellant does not challenge this determination. Instead, appellant argues that

Minnesota continues to recognize an inadvertent-discovery requirement to the plain-view

exception, which cannot be satisfied here because the officer suspected appellant had a

firearm in the home and referenced the firearm in the search warrant application.

 We are not persuaded. In federal jurisprudence, the plain-view doctrine does not

require an officer’s discovery of incriminating evidence to be inadvertent. See Horton v.

California, 496 U.S. 128, 130, 110 S. Ct. 2301, 2304 (1990) (“We conclude that even

though inadvertence is a characteristic of most legitimate ‘plain-view’ seizures, it is not a

necessary condition.”); PPS, Inc. v. Faulkner Cty., Ark., 630 F.3d 1098, 1106 (8th Cir.

2011) (“Neither exigency nor inadvertence is an element of the plain view doctrine.”).

However, appellant relies on State v. Bradford for the principle that Minnesota continues

to recognize an inadvertent-discovery requirement. 618 N.W.2d 782 (Minn. 2000). In

Bradford, the supreme court stated that evidence is admissible when it is “in plain view,

there was a prior justification for an intrusion, the discovery was inadvertent, and there was

probable cause to believe that the items seized were immediately apparent evidence of

crime.” Id. at 795 (quotation omitted).

 Post-Bradford cases issued by the Minnesota Supreme Court do not contemplate an

inadvertent-discovery requirement. As stated above, Milton articulated only three criteria

for the plain-view exception to the warrant requirement. 821 N.W.2d at 799. And citing

 5
to the three Milton factors, the Minnesota Supreme Court noted in State v. Holland that

“[u]nder the plain-view exception to the warrant requirement, police may seize an object

without a warrant if three criteria are met,” citing to the three Milton factors. 865 N.W.2d

666, 671 (Minn. 2015) (citing Milton, 821 N.W.2d at 799) (emphasis added). Neither

Milton nor Holland recognizes inadvertent-discovery as a necessary factor in Minnesota’s

plain-view analysis, 865 N.W.2d at 671; 821 N.W.2d at 799, and it is not the role of this

court to alter or modify existing law. See Tereault v. Palmer, 413 N.W.2d 283, 286 (Minn.

App. 1987) (noting that setting forth the principle that “the task of extending existing law

falls to the supreme court or the legislature, but it does not fall to this court”), review denied

(Minn. Dec. 18, 1987).

 In sum, because inadvertent-discovery is not a required element of a plain-view

analysis under current Minnesota law, and because appellant concedes that the three Milton

factors are satisfied, we conclude that the firearm was lawfully seized under an exception

to the search warrant requirement. Thus, the district court did not err by denying

appellant’s motion to suppress evidence.2 In light of that conclusion, we do not consider

2
 Even if inadvertent-discovery applied, the facts indicate that the evidence was
inadvertently discovered by the police officer because someone had recently been sitting
on the couch when the officer entered the room, the officer had recovered contraband from
couch cushions before, and it was in an area where narcotics could have been discovered.
See Coolidge v. New Hampshire, 403 U.S. 443, 466, 91 S. Ct. 2022, 2038 (1971) (stating
that “extension of the original justification [for a search] is legitimate only where it is
immediately apparent to police that they have evidence before them” and they are not
engaged in a “general exploratory search from one object to another until something
incriminating at last emerges”). We likewise reject appellant’s argument that the officer
should have secured a second search warrant upon discovering the firearm. See id. at 467-
68, 91 S. Ct. at 2039 (“Where, once an otherwise lawful search is in progress, the police
inadvertently come upon a piece of evidence, it would often be a needless inconvenience,

 6
appellant’s argument that the particularity requirement of the Fourth Amendment

invalidated the search.3

 Affirmed.

and sometimes dangerous–to the evidence or to the police themselves–to require them to
ignore it until they have obtained a warrant particularly describing it.”).
3
 Appellant argues that the officer violated the particularity requirement of the Fourth
Amendment by failing to adequately describe the items to be seized. U.S. Const. amend.
IV; Minn. Const. art. I, § 10. The officer suspected that appellant owned a firearm, but
failed to include it in the search warrant application. As a result, the particularity
requirement was not satisfied with respect to the firearm. See Coolidge, 403 U.S. at 467,
91 S. Ct. at 2038-39 (requiring a search warrant to particularly describe the items to be
seized). However, because the seizure of the firearm fell within an exception to the warrant
requirement and was not unconstitutional, we affirm.

 7